```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| STEPHEN NOLAN | : |
|  | : |
| v. | : Civil Action No. DKC 26-442 |
| LAURA HERRERA SCOTT, Secretary, | : |
| Maryland Department of Human Services, et al. | : |

**MEMORANDUM OPINION**

Plaintiff Stephen Nolan ("Plaintiff") filed this Complaint on February 3, 2026. (ECF No. 1). He asserts that his constitutional rights were violated by Defendants Laura Herrera Scott, Secretary of the Maryland Department of Human Services, and Fran Johnson, Director of the Maryland Child Support Enforcement Administration (IV-D Program), in the performance of child support enforcement by failing to adjudicate matters on the merits and by failing to provide an explanation for decisions. Plaintiff also filed a motion for leave to proceed in forma pauperis. (ECF No. 2). Based on the information submitted by Plaintiff, he appears to be indigent, and the motion will be granted. For the reasons that follow, however, the court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to construe self-represented pleadings liberally, such as the instant Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

2

Plaintiff's Complaint begins with the following introduction:

> 1. This is a civil rights action seeking prospective declaratory and injunctive relief and compensatory damages for ongoing violations of procedural due process under the Fourteenth Amendment.
> 2. Plaintiff does not seek review, reversal, modification or appeal of any state court judgment. Plaintiff does not ask this Court to sit as an appellate tribunal over any state decision.
> 3. Instead, Plaintiff challenges ongoing and future enforcement conduct by state agencies that continues without adjudication on the merits, without findings of jurisdiction, and without procedural explanation, despite repeated filings and proper service.
> 4. Defendants' actions and omissions constitute a continuing deprivation of constitutional rights, independent of the validity or invalidity of any past state order.

(ECF No. 1 at 1, 2). As relief, Plaintiff asks that Defendants be enjoined from further enforcement absent lawful adjudication, a declaration that Defendants' ongoing enforcement conduct is unconstitutional, and compensatory damages. (ECF No. 1 at 5). The complaint, however, is bereft of any factual allegations, providing no case numbers, dates, parties, or copies of any orders about which he purports to complain. Plaintiff merely states that his Complaint centers on unspecified enforcement conduct and he complains that matters were not decided on the merits and without

3

procedural explanation. He does not identify how the named defendants were responsible for any alleged misconduct.

While lacking any factual support, the Complaint obviously arises from Plaintiff's discontent with decisions issued in child support proceedings. The pendency of state court proceedings, particularly in the family law context, raises significant questions about this court's jurisdiction and ability to proceed. In cases attempting to invoke diversity jurisdiction, federal jurisdiction is clearly lacking.

> [A] question of federal court's jurisdiction of child custody matters is not an extensive inquiry. In fact, "[the Fourth Circuit] has consistently acknowledged and upheld this lack of federal court jurisdiction in the area of domestic relations. *Doe v. Doe*, 660 F.2d 101, 105 (4th Cir. 1981); *see also Johnson v. Byrd*, No. 1:16cv1052, 2016 WL 6839410, *1, *13 (M.D.N.C. 2016) (noting that "[t]he case may not proceed in this court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases") (internal citation omitted).

*Roe v. Jenkins*, No. 1:20-CV-140, 2021 WL 1026524, at *2 (N.D.W. Va. Mar. 17, 2021).

Here, Plaintiff attempts to invoke federal question jurisdiction in a possible attempt to evade that doctrine. Nevertheless, generally applicable abstention doctrines counsel in

4

favor of dismissing this action. Given that Plaintiff seeks prospective relief, he clearly challenges state court proceedings that are ongoing. See *Parsons v. McDaniel*, 784 Fed. App'x 164, 165 (4th Cir. 2019)(applying *Younger v. Harris*, 401 U.S. 37(1971)). A comprehensive discussion of the various abstention doctrines is provided in *Desper v. Demastus*, Case No. 7:20-cv-00749, 2021 WL 5049773 at * 2=4 (Nov. 1, 2021).

Accordingly, Plaintiff has failed to provide legally sufficient allegations of violations of procedural due process under 42 U.S.C. § 1983. The court both declines to exercise supplemental jurisdiction over any state law claims, 28 U.S.C. § 1367(c)(3), and likely lacks jurisdiction due to the domestic relations exception. Institution of a federal action cannot substitute for an appeal of an adverse ruling by the state court. Plaintiff's avenue of redress might be through the appellate process in the state court. This court, however, lacks jurisdiction to hear the case, and, in any event, Plaintiff's complaint fails to state a claim.

A separate order follows.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge